Johnson, J.,
 

 delivered the opinion of the court, as follows : — This is the case of an insurance on a voyage from St. Petersburg or Cronstadt to Philadelphia, effected in the year 1810 ; the vessel was captured and the assured abandoned. The only difficulty arises on the principles upon which the loss shall be adjusted.
 

 Besides this policy, eight others were effected in Philadelphia. In seven of them, no valuation was attached to the ruble; in the eighth, it was valued at 40 cents, and on this, which was the ninth in order, at 46 cents. In settling the first seven, the ruble was estimated at thirty-three and a third cents, which was the received value at Philadelphia ; on the eighth, it was settled at the stipulated value of 40 cents. The value of goods laden on board the ship was proved to be 95,565 rubles. The sum paid on the first eight policies corresponded to the adjusted value of 94,084 rubles, leaving a balance of only 1481, equal, at 46 cents, to about $682 unpaid. But if the whole amount of *the cargo be brought into dollars at 46 cents ^ to the ruble, and the sum in dollars actually paid on the other •- policies be deducted, there will still remain more unpaid than would exhaust the whole sum underwritten on the ninth policy.
 

 On the part of the defendant, it is contended, that the compensation paid to the plaintiff on the other policies, is absolute and complete as to the cor
 
 *39
 
 responding amount in rubles, leaving only 1481 unpaid. On the other hand, the plaintiff contends, that the compensation was only relative, and cannot affect his rights as between himself and this defendant. And of this opinion, is the majority of the court.
 

 The object to be attained is, to secure to the assured a fair indemnity under all the advantages which he has purchased of the insurers. The intention of the parties, in attaching a fixed value to the ruble, appears in the order for insurance, to wit, “ to distinguish between the paper and specie ruble.” It is very well known, that the ruble is the money of account in Russia; it was originally a coin corresponding in value to the American dollar ; but by the forced circulation of a paper representative of the ruble, dependent on nothing but mere national faith or national force for its value, the silver ruble has nominally doubled or trebled itself in value. The astonishing and rapid fluctuation in its value appears from the evidence in this case, in which it is stated that in the year 1810, it varied from forty-eight to twenty-five cents. To secure the assured against the effects of this fluctuation, was the object of the parties in attaching a specific value to the ruble ; and as the whole cargo would be affected in value by this cause, and the policy Avas upon the cargo, generally, we are of opinion, that no other principle in calculating the loss, Avould afford him the indemnity stipulated for in the policy. The principle contended for by the defendant is subject ^ .. to this obvious objection, that it is not reciprocal. *Had the adjust-yJ ment of the value of the ruble in the other cases exceeded forty-six cents, that adjustment would not in any respect have resulted to his benefit.
 

 There is one difficulty of which the court are fully aware, which is, that the interest assigned in the abandonment, if estimated in rubles, will be inversely as the rate at which the ruble is estimated, so that he who pays most would acquire least. But in this case, the objection does not arise ; as the plaintiff, by a compromise with the underwriters on some of the other policies, has reserved a sufficient interest in the subject of abandonment, to meet the just claims of these underwriters. And in no ease would this consideration create a difficuly as between the parties to a policy. Among the underwriters alone, in the distribution of the proceeds of the thing abandoned, would it be necessary to determine on the correct rule to be applied in such a case.
 

 Had the policy, which is the subject of this suit, been a valued policy, and declared the value of the Avhole cargo to be $43,929, the actual amount at the stipulated valuation of the ruble, the same objection would have presented itself, but certainly would not have availed to. prevent a recovery. The judgment below must, therefore, be reversed, and the case remanded.
 

 Judgment reversed.